ADAM KARR (SB #212288)
akarr@omm.com
MARNI B. ROBINOW (SB #313412)
mrobinow@omm.com
STEPHANIE Y. FUNG (SB #324745)
sfung@omm.com
ANNA M. ROTROSEN (SB #341843)
arotrosen@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

*Counsel for Defendants the Board of Trustees of the California State University and Vineeta Dhillon*

JASON O. SIAS (SBN #279196)
SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone: (888) 958-5071
Facsimile: (888) 958-5072
jsias@siaslawinc.com

JOSEPH CANNIZZO JR.
Alabama Attorney ID (3584O57X)
(Admitted *Pro Hac Vice*)
LENTO LAW GROUP, P.C.
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com

*Counsel for Plaintiff Eric Bagnall*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JAMES BAGNALL, individually, and as Administrator of the ESTATE OF CAMREN MCKAY BAGNALL, <br><br>Plaintiff, <br><br>v. <br><br>CALIFORNIA STATE UNIVERSITY MARITIME, VINEETA DHILLON, LILLIAN GREGG, JOHN DOES 1-10 (fictitious names), and ABC ENTITIES 1-10 (fictitious entities), <br><br>Defendants. | Case No. 2:23-cv-01606-KJM-CKD <br><br>**UPDATED JOINT STATUS REPORT** <br><br>Hon. Kimberly J. Mueller <br><br>Trial Date: None Set |

Defendants the Board of Trustees of the California State University ("CSU") and Vineeta Dhillon ("Dhillon," and along with CSU, "Defendants"), together with Plaintiff Eric James Bagnall ("Plaintiff," and collectively with Defendants, the "Parties"), submit this Updated Joint Status Report in accordance with this Court's Order Setting Status Conference, Dkt. 31, and subsequent Minute Order Resetting Status Conference, Dkt. 46 (the "Orders").

On November 3, 2023, Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"), and on January 17, 2024, the Court vacated the January 26, 2024, hearing on the Motion, declaring that it may reschedule a hearing for a later date if it determines that oral argument is needed. (Dkt. Nos. 39, 46.) As Defendants' Motion remains pending before the Court, the Parties agree that they are unable to provide a schedule for discovery at this time.

Notwithstanding the foregoing, the Parties hereby submit the following updated responses with respect to each of the matters included in the Court's Orders:

(a)     Brief Summary of the Claims:

**1.     Plaintiff's Summary**

Plaintiff's claims consist of the following: (1) negligence as to Defendant Vineeta Dhillon in the performance of her duties as Title IX Coordinator of California State University Maritime Academy; (2) negligent hiring, training, supervision, or retention of Defendant Vineeta Dhillon by Defendant CSU Board of Trustees given their knowledge, actual or constructive, of her particular unfitness for the position of Title IX Coordinator; (3) negligence via vicarious liability as to Defendant CSU Board of Trustees in connection with their agent, employee, and/or workman, Defendant Vineeta Dhillon's, negligent conduct; (4) wrongful death as to all Defendants in connection with their individual and collective failures with respect to the duty of care they each owed to Plaintiff's decedent, Camren McKay Bagnall, ultimately resulting in his untimely and preventable death by suicide; (5) a survival claim by Plaintiff against all Defendants in connection with losses incurred as a result of the death of Plaintiff's decedent, attributable to the individual and collective failures of the Defendants; (6) negligence *per se* arising under Cal.

Ed. Code § 66270 as to Defendants CSU Board of Trustees and Vineeta Dhillon in connection with their having subjected Plaintiff's decedent to gender-based discrimination in Cal Maritime's Title IX process; (7) violations of Title IX as to Defendants CSU Board of Trustees and Vineeta Dhillon related to their failures to provide Plaintiff's decedent with a full and fair process commensurate with the requirements of Title IX and its implementing regulations.

**2.     Defendants' Summary**

As argued in their Motion, Defendants' position is that each of Plaintiff's claims—which Defendants contend are all state law claims—should be dismissed because (1) Plaintiff failed to comply with filing prerequisites under the California Government Claims Act, (2) Defendants are immune from suit under the Eleventh Amendment, and (3) Plaintiff has failed to state any claim. While Plaintiff denies these arguments in his Opposition to the Motion and argues that he pleads a federal Title IX claim, Defendants disagree and contend that Plaintiff has also failed to state a claim under Title IX.

(b)     <u>Status of Service Upon All Defendants and Cross-Defendants</u>:

All defendants have accepted service.

(c)     <u>Possible Joinder of Additional Parties</u>:

The Parties do not currently anticipate joining any additional parties.

(d)     <u>Contemplated Amendments to the Pleadings</u>:

None contemplated at present, however, Plaintiff reserves the right to seek leave to amend should the need arise, and specifically requests that Plaintiff be granted leave to amend should Defendant's pending Motion to Dismiss be granted.

(e) <u>The Statutory Basis for Jurisdiction and Venue</u>:

    **1.   Position of Plaintiff**

This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

    **2.   Position of Defendants**

As stipulated by the Parties in their Stipulation Transferring Action to Eastern District of California, Dkt. 27, Defendants' position is that the Eastern District of California is the proper venue for this action, but, as argued in their Motion, Defendants contend that Plaintiff has only asserted state-law claims which are barred by his failure to comply with the Government Claims Act and Defendant's immunity under the Eleventh Amendment.

(f) Anticipated Discovery and the Scheduling of Discovery, Including:

    **1.   Position of Plaintiff**

        *(1)   what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made*:

Plaintiff has no specific preference as to this and will defer to the discretion of the Court.

        *(2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases*:

Plaintiff has no specific preference as to when discovery should be completed or whether it should be completed in phases as such determinations are, in Plaintiff's view, premature given

the pending Motion of the Defendants and the possibility of Plaintiff's filing of an Amended Complaint thereafter.

As to the subject of discovery, Plaintiff intends to seek discoverable materials relative to such things as, but not limited to, the hiring and vetting practices of Defendant CSU Board of Trustees, specifically as it relates to Defendant Vineeta Dhillon; the training of Defendant Dhillon, specifically with respect to Title IX and its implementing regulations; and the knowledge of Defendant CSU Board of Trustees with respect to Defendant Dhillon's particular unfitness for her role as Title IX Coordinator.

*(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules, and what other limitations, if any, should be imposed:*

Plaintiff foresees no needed change nor has a specific preference as to this and will defer to the discretion of the Court.

*(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):*

Plaintiff has no specific preference as to this and will defer to the discretion of the Court.

*(5) proposed dates for discovery cut-off*

Plaintiff has no specific proposed discovery cut-off dates as such determinations are, in Plaintiff's view, premature given the pending Motion of the Defendants and the possibility of Plaintiff's filing of an Amended Complaint thereafter.

**2.    Position of Defendants**

With respect to discovery matters in this case, Defendants request that matters regarding discovery, including the Parties' initial disclosures, be postponed until after the Court rules on the Motion. Defendants believe the Motion will dispose of all or a significant portion of Plaintiff's claims, and will therefore have a material impact on the scope of discovery in this case. Defendants request that discovery be addressed through a status conference set for a date after the Court has ruled on Defendants' Motion, if the Motion is denied.

(g) <u>Proposed Date By Which All Non-Discovery Motions Shall Be Heard</u>:

The parties request that matters regarding non-discovery motions be addressed at a status conference set for a date after the Court has ruled on the Motion, if the Motion is denied. If the Motion is denied, Defendants intend to file motions for summary judgment and summary adjudication.

(h) <u>Methods To Avoid Unnecessary Proof and Cumulative Evidence, and Anticipated Limitations or Restrictions on the Use of Testimony Under FRE 702</u>:

The parties request that these matters be addressed at a status conference set for a date after the Court has ruled on the Motion, if the Motion is denied.

(i) <u>Proposed Dates for Final Pretrial Conference</u>:

The parties request that matters regarding proposed dates for final pretrial conference be addressed at a status conference set for a date after the Court has ruled on the Motion, if the Motion is denied.

(j) <u>Proposed Dates for Trial, Estimated Number of Days of Trial, Demand for Jury</u>:

The parties request that matters regarding proposed dates for trial and a jury demand be addressed at a status conference set for a date after the Court has ruled on the Motion, if the Motion is denied.

(k) <u>Appropriateness of Special Procedures Such as Reference to a Special Master or Agreement to Try the Matter Before a Magistrate Judge Pursuant to 28 U.S.C. § 636(c)</u>:

The parties do not believe any special procedures, including reference to a special master, are necessary in the present case.

(l) <u>Proposed Modification of Standard Pretrial Procedures Due to the Special Nature of the Case</u>:

    **1.  Position of Plaintiff**

Plaintiff does not foresee any proposed modification to the standard pretrial procedure, however Plaintiff and Defendants will meet and confer regarding any such modification should the need arise, following the Court's disposition of Defendant's pending Motion, should same be denied.

    **2.  Position of Defendants**

As noted above, Defendants believe that this action should be dismissed. If the Motion is denied, Defendants will meet and confer with Plaintiff regarding any modification of standard pretrial procedures in this matter.

(m) <u>Whether the Case is Related to Any Other Case, Including Any Matter Involving Bankruptcy</u>:

    The Parties agree that this case is not related to any other case.

(n) <u>Prospects For Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>:

    **1.  Position of Plaintiff**

Plaintiff is amenable to a settlement conference, but believes that the scheduling of any such settlement conference should be addressed after the Court rules on the Defendant's pending Motion.

    **2.  Position of Defendants**

Defendants believe that the scheduling of any settlement conference should be addressed after the Court rules on the Motion.

(o) <u>Any Other Matters That May Be Conducive to the Just and Expeditious Disposition Of the Case</u>:

The Parties agree that there are no other such matters to be addressed at this time.

Dated: February 29, 2024      Respectfully submitted,

By: */s/ Adam Karr*
Adam Karr (SB #212288)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
T: (213) 430-6000
F: (213) 430-6407
akarr@omm.com

*Attorney for Defendants the Board of Trustees of the California State University and Vineeta Dhillon*

Dated: February 29, 2024      By: */s/ Joseph Cannizzo*
(as authorized on February 28, 2024)
Joseph Cannizzo Jr.
**LENTO LAW GROUP, P.C.**
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com

*Attorney for Plaintiff Eric Bagnall*