ADAM KARR (SB #212288)
akarr@omm.com
MARNI B. ROBINOW (SB #313412)
mrobinow@omm.com
STEPHANIE Y. FUNG (SB #324745)
sfung@omm.com
ANNA M. ROTROSEN (SB #341843)
arotrosen@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

*Counsel for Defendants the Board of Trustees of the California State University and Vineeta Dhillon*

JASON O. SIAS (SBN #279196)
SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone: (888) 958-5071
Facsimile: (888) 958-5072
jsias@siaslawinc.com

JOSEPH CANNIZZO JR.
Alabama Attorney ID (3584O57X)
(Admitted *Pro Hac Vice*)
LENTO LAW GROUP, P.C.
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com

*Counsel for Plaintiff Eric Bagnall*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC JAMES BAGNALL, individually, and as Administrator of the ESTATE OF CAMREN MCKAY BAGNALL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY MARITIME, VINEETA DHILLON, LILLIAN GREGG, JOHN DOES 1-10 (fictitious names), and ABC ENTITIES 1-10 (fictitious entities),<br><br>Defendants. | Case No. 2:23-cv-01606-KJM-CKD<br><br>**UPDATED JOINT STATUS REPORT**<br><br>Hon. Kimberly J. Mueller<br><br>Trial Date: None Set |

Defendants the Board of Trustees of the California State University ("CSU") and Vineeta Dhillon ("Dhillon," and along with CSU, "Defendants"), together with Plaintiff Eric James Bagnall ("Plaintiff," and collectively with Defendants, the "Parties"), submit this Updated Joint Status Report in accordance with this Court's Minute Order Resetting Status Conference, Dkt. 52.

On November 3, 2023, Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss SAC"). (Dkt. Nos. 39.) On March 12, 2024, the Court granted in part Defendants' Motion Dismiss the SAC with leave to amend. (Dkt. No. 49.) On April 2, 2024, Plaintiff filed his Third Amended Complaint. (Dkt. No. 50.) On April 16, 2024, Defendants filed their Motion to Dismiss the Third Amended Complaint (the "Motion"), which is scheduled for hearing on July 12, 2024. (Dkt. No. 51.) As Defendants' Motion remains pending before the Court, the Parties agree that they are unable to provide a schedule for discovery at this time.

Notwithstanding the foregoing, the Parties hereby submit the following updated responses with respect to each of the matters included in the Court's Orders:

(a)     Brief Summary of the Claims:

**1.     Plaintiff's Summary**

Plaintiff's claims consist of the following: (1) negligence as to Defendant Vineeta Dhillon in the performance of her duties as Title IX Coordinator of California State University Maritime Academy; (2) negligent hiring, training, supervision, or retention of Defendant Vineeta Dhillon by Defendant CSU Board of Trustees given their knowledge, actual or constructive, of her particular unfitness for the position of Title IX Coordinator; (3) negligence via vicarious liability as to Defendant CSU Board of Trustees in connection with their agent, employee, and/or workman, Defendant Vineeta Dhillon's, negligent conduct; (4) wrongful death as to all Defendants in connection with their individual and collective failures with respect to the duty of care they each owed to Plaintiff's decedent, Camren McKay Bagnall, ultimately resulting in his untimely and preventable death by suicide; (5) a survival claim by Plaintiff against all Defendants in connection with losses incurred as a result of the death of Plaintiff's decedent, attributable to

the individual and collective failures of the Defendants; (6) negligence *per se* arising under Cal. Ed. Code § 66270 as to Defendants CSU Board of Trustees and Vineeta Dhillon in connection with their having subjected Plaintiff's decedent to gender-based discrimination in Cal Maritime's Title IX process; and (7) violation of Title IX as to Defendant CSU Board of Trustees related to its failures to provide Plaintiff's decedent with a full and fair process.

### 2. Defendants' Summary

As argued in their Motion, Defendants' position is that each of Plaintiff's claims should be dismissed because (1) Plaintiff has again failed to state a Title IX claim; (2) Plaintiff's Title IX claim is time-barred; and (3) Plaintiff failed to comply with filing prerequisites under the California Government Claims Act, which bars his state-law claims.

(b) <u>Status of Service Upon All Defendants and Cross-Defendants</u>:

All defendants have accepted service.

(c) <u>Possible Joinder of Additional Parties</u>:

The Parties do not currently anticipate joining any additional parties.

(d) <u>Contemplated Amendments to the Pleadings</u>:

None contemplated at present, however, Plaintiff reserves the right to seek leave to amend should the need arise, and specifically requests that Plaintiff be granted leave to amend should Defendant's pending Motion to Dismiss be granted.

(e) <u>The Statutory Basis for Jurisdiction and Venue</u>:

The Court has subject matter jurisdiction over Plaintiff's federal Title IX claim pursuant to 28 U.S.C. § 1331.  Plaintiff also contends the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343.   This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claim that they form part of the same case or controversy and arise out of a common nucleus of operative fact.  In

the alternative, the Court may have the ability to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332 to consider Plaintiff's state-law claims.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

(f)     Anticipated Discovery and the Scheduling of Discovery, Including:

The Parties agree that matters regarding discovery, including the Parties' initial disclosures, be postponed until after the Court rules on the Motion. Defendants believe the Motion will dispose of all or a significant portion of Plaintiff's claims, and will therefore have a material impact on the scope of discovery in this case. The Parties request that discovery be addressed through a status conference set for a date three weeks after the Court has ruled on Defendants' Motion, if the Motion is denied.

(g)     Proposed Date By Which All Non-Discovery Motions Shall Be Heard:

The Parties request that matters regarding non-discovery motions be addressed at a status conference set for a date three weeks after the Court has ruled on the Motion, if the Motion is denied. If the Motion is denied, Defendants intend to file motions for summary judgment and summary adjudication.

(h)     Methods To Avoid Unnecessary Proof and Cumulative Evidence, and Anticipated
        Limitations or Restrictions on the Use of Testimony Under FRE 702:

The Parties request that these matters be addressed at a status conference set for a date three weeks after the Court has ruled on the Motion, if the Motion is denied.

(i)     Proposed Dates for Final Pretrial Conference:

The Parties request that matters regarding proposed dates for final pretrial conference be addressed at a status conference set for a date three weeks after the Court has ruled on the Motion, if the Motion is denied.

(j) <u>Proposed Dates for Trial, Estimated Number of Days of Trial, Demand for Jury</u>:

The Parties request that matters regarding proposed dates for trial and a jury demand be addressed at a status conference set for a date three weeks after the Court has ruled on the Motion, if the Motion is denied.

(k) <u>Appropriateness of Special Procedures Such as Reference to a Special Master or Agreement to Try the Matter Before a Magistrate Judge Pursuant to 28 U.S.C. § 636(c)</u>:

The Parties do not believe any special procedures, including reference to a special master, are necessary in the present case.

(l) <u>Proposed Modification of Standard Pretrial Procedures Due to the Special Nature of the Case</u>:

If Defendants' Motion is denied, the Parties will meet and confer regarding any modification of standard pretrial procedures in this matter.

(m) <u>Whether the Case is Related to Any Other Case, Including Any Matter Involving Bankruptcy</u>:

The Parties agree that this case is not related to any other case.

(n) <u>Prospects For Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>:

The Parties agree that the scheduling of any settlement conference should be addressed after the Court rules on the Motion, if the Court denies the Motion.

(o)  <u>Any Other Matters That May Be Conducive to the Just and Expeditious Disposition Of the Case</u>:

The Parties agree that there are no other such matters to be addressed at this time.

Dated:  June 28, 2024          Respectfully submitted,

By:  <u>/s/ Adam Karr</u>
Adam Karr (SB #212288)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
T: (213) 430-6000
F: (213) 430-6407
akarr@omm.com

*Attorney for Defendants the Board of Trustees of the California State University and Vineeta Dhillon*

Dated:  June 28, 2024

By:  <u>/s/ Joseph Cannizzo, Jr.</u>
(as authorized on June 27, 2024)
Joseph Cannizzo Jr.
LENTO LAW GROUP, P.C.
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com

*Attorney for Plaintiff Eric Bagnall*

Dated:  June 28, 2024

By:  <u>/s/ Jason Sias</u>
(as authorized on June 27, 2024)
Jason O. Sias (SBN #279196)
SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone: (888) 958-5071
Facsimile: (888) 958-5072
Jsias@siaslawinc.com

*Attorney for Plaintiff Eric Bagnall*