UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Eric James Bagnall,

    Plaintiff,

    v.

California State University Maritime, et al.,

    Defendants.

No. 2:23-cv-01606-KJM-CKD

ORDER

Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 51. The matter is fully briefed, and the court held a hearing on July 12, 2024. *See generally* Opp'n, ECF No. 53; Reply, ECF No. 54; Mins., ECF No. 59.

In response to a Rule 12(b)(6) motion, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Id.* at 679.

For plaintiff to succeed on his state law claims (Counts I-VI), he must show compliance with the Government Claims Act, including the presentation-of-claims requirement. *Gen. Sec. Servs. Corp. v. Cnty. of Fresno*, 815 F. Supp. 2d 1123, 1131 (E.D. Cal. 2011). The Third Amended Complaint does not allege compliance, and plaintiff concedes he did not comply. *See*

1  Opp'n at 11.  For that reason, Counts I through VI do not "plausibly give rise to an entitlement to
2  relief." *Iqbal*, 556 U.S. at 679.

3  Plaintiff's remaining Title IX Claim, Count VII, also falls short.  To state a Title IX claim,
4  plaintiffs must allege background indicia of sex discrimination in combination with specific
5  information about their cases.  *See Doe v. Regents of Univ. of Cal.*, 23 F.4th 930, 936 (9th Cir.
6  2022) (citing *Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 949 (9th Cir. 2020)).  Plaintiff
7  concedes he did not allege and is "as of yet unaware" of any background indicia of sex
8  discrimination.  *See* Opp'n at 6.  Accordingly, Count VII does not state a claim.  *See Schwake*,
9  967 F.3d 940; *Doe v. Oregon State Univ.*, 614 F. Supp. 3d 847, 857 (D. Or. 2022).

10  At hearing, plaintiff's counsel, who had only recently taken primary responsibility for this
11  matter, requested time to determine whether plaintiff could further amend the complaint; defense
12  counsel contended any amendment would be an exercise in futility.  *See* Mins., ECF No. 59.  The
13  court instructed the parties to meet and confer and file a joint status report on whether the parties
14  requested further argument, an opportunity to file supplemental briefing, or further scheduling.
15  *Id.*  The parties filed their joint status report, which stated plaintiff expected to retain new counsel,
16  who would contend on his behalf that amendment would not be futile.  *See* Joint Status Rep.
17  (July 26, 2024), ECF No. 60.  New counsel then appeared for plaintiff, and the parties filed a
18  supplemental joint status report.  *See* Min. Order, ECF No. 68; Suppl. Joint Status Rep., ECF
19  No. 67.  Plaintiff's counsel believes an amendment would not be futile; defendants' counsel
20  disagrees.  The parties state they are willing to appear for further argument or submit
21  supplemental briefing.

22  Having considered the parties' joint reports, plaintiff is granted leave to file, **within**
23  **fourteen days**, a supplemental brief of no more than five pages to address whether leave to
24  amend should be denied based on futility of amendment.  **Within fourteen days** of receiving
25  service of plaintiff's supplemental brief, defendants may file a supplemental brief of the same
26  length in response, after which the court will take the matter under submission without hearing
27  additional oral argument.  The motion at ECF No. 51 **remains pending**.
28  /////

1    IT IS SO ORDERED.

2    DATED: October 29, 2024.

_____
UNITED STATES DISTRICT JUDGE