UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric James Bagnall, individually, and as Administrator of the Estate of Camren McKay Bagnall,<br><br>Plaintiff,<br><br>v.<br><br>California State University Maritime, et al.,<br><br>Defendants, | No. 2:23-cv-01606-KJM-CKD<br><br>ORDER |

Defendants Board of Trustees of the California State University (CSU) and Vineeta Dhillon move to dismiss plaintiff's claims and plaintiff opposes or in the alternative requests leave to conduct discovery and amend his complaint. The court **grants** the motion to dismiss and **denies** the request for leave to amend.

**I.    BACKGROUND**

Plaintiff Eric James Bagnall filed suit against defendants following the suicide of his son, Camren McKay Bagnall, while Camren was the subject of a Title IX investigation at CSU Maritime. As detailed in this court's previous order, *see* Prev. Order (March 12, 2024), ECF No. 49, Camren was a student at CSU Maritime. Third Am. Compl. (Compl.) ¶ 14, ECF No. 38. In or around September 2020, fellow student Lillian Gregg filed a Title IX complaint against

1

1  Camren alleging sexual misconduct and sexual assault. *Id.* ¶¶ 4, 17, 26. Camren denied these
2  allegations. *Id.* ¶ 27.
3  Following Ms. Gregg's filing of the Title IX complaint, CSU's Title IX office initiated an
4  investigation. *Id.* ¶¶ 29, 32, 61, 69. Plaintiff alleges Camren suffered harassment and bullying
5  from his peers as news of the complaint spread. *Id.* ¶¶ 53–60. On February 8, 2021, Camren
6  committed suicide. *Id.* ¶¶ 1, 16.
7  On November 3, 2023, defendants moved this court to dismiss plaintiff's complaint for
8  failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Prev. Mot. (November 3,
9  2023), ECF No. 39. The court granted defendants' November 3 motion in part and denied it in
10 part. *See generally* Prev. Order. The court also granted plaintiff leave to amend all claims except
11 his Title IX claim as to defendant Vineeta Dhillon, which the court dismissed without leave to
12 amend. *See id.* at 8. The court explicitly detailed the deficiencies plaintiff needed to correct to
13 survive a future motion to dismiss. *See generally id.* Plaintiff amended the complaint. *See*
14 *generally* Compl. Defendants move again to dismiss. Mot., ECF No. 51. The motion is fully
15 briefed, with plaintiff opposing dismissal or alternatively requesting discovery and a chance to
16 further amend. Opp'n, ECF No. 53; Reply, ECF No. 54.
17 The court held a hearing on this matter on July 12, 2024. *See* Mins. Mot. Hr'g, ECF No.
18 59. Jason Sias appeared for plaintiff and Adam Karr appeared for defendants. *Id.* At hearing,
19 plaintiff's counsel, who had only recently assumed primary responsibility for this matter,
20 requested an extension of time to determine whether plaintiff could further amend the complaint
21 if the court granted the motion to dismiss; defense counsel contended any amendment would be
22 an exercise in futility. *See id.* The court instructed the parties to meet and confer and file a joint
23 status report regarding whether the parties requested further argument, an opportunity to file
24 supplemental briefing, or further scheduling. *See id.* The parties filed their joint status report,
25 which stated plaintiff expected to retain new counsel who would contend on his behalf that a
26 fourth amendment would not be futile. *See generally* Joint Status Report (July 26, 2024), ECF
27 No. 60. New counsel then appeared for plaintiff, and the parties filed a supplemental joint status
28 report. *See* Min. Order (August 20, 2024), ECF No. 68; Suppl. Joint Status Report, ECF No. 67.

1  Plaintiff's new counsel believes a fourth amendment would not be futile if the court grants the
2  motion to dismiss; defendants' counsel disagrees.  Given the substitution of plaintiff's attorney,
3  the court granted plaintiff leave to file a supplemental brief to support his request for leave to
4  amend.  *See* Min. Order.  Plaintiff filed his supplemental brief on November 13, 2024, while the
5  motion to dismiss remained pending.  Suppl. Brief, ECF No. 70.  On November 26, 2024,
6  defendants filed an unauthorized supplemental brief in opposition.  Suppl. Brief Opp'n, ECF
7  No. 74.  Because defendants did not seek court approval before filing their brief, the court does
8  not consider the brief in this order.

9  Plaintiff's supplemental brief proposes in an amended complaint to abandon all previous
10 state law claims, rehabilitate a Title IX claim against CSU by adding additional allegations of
11 background indicia of sex discrimination (claim VII), and introduce six new claims (new claims
12 II–VII).  *See generally id.*  Plaintiff's brief does not, however, concede the motion to dismiss
13 should be granted.  *Id.*  This court previously dismissed the Title IX claim (claim VII) for
14 "tortious conduct of defendants John Does 1–10 and ABC Entities 1–10" with prejudice and
15 without leave to amend as to defendant Dhillon but with leave to amend as to CSU.  Prev. Order
16 (Mar. 12, 2024) at 2, 8.  Plaintiff's new proposed claims include a Title IX claim against
17 defendants[1] alleging sex discrimination, procedural due process and equal protection claims and
18 unconstitutional failure to train and supervise claims.  *See* Suppl. Brief at 4–5.

19 **II.    LEGAL STANDARDS**
20      **A.    Motion to Dismiss**
21 As explained in detail in this court's earlier order, a party may move to dismiss for
22 "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In response,
23 the court begins by assuming the complaint's factual allegations are true, but not its legal

---

[1] Plaintiff's brief offers no clarity regarding which defendants he intends to bring the new proposed claims against.  The court's previous orders explained that "Title IX does not create a private right of action against school officials, teachers, and other individuals who are not direct recipients of federal funding." *Al-Rifai v. Willows Unified Sch. Dist.*, 469 F. App'x 647, 649 (9th Cir. 2012) (citation omitted).  As such, the court construes plaintiff's proposed amendments to not include Title IX claims against Dhillon or any other individual.

conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Id.* at 679. This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.*

### B. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides, "[t]he court should freely give leave [to amend its pleading] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185–86 (9th Cir. 1987) (quoting *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties,* 866 F.2d at 1160 (internal citations omitted).

Not all the factors merit equal weight, and prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Generally, additional claims result in prejudice to a defendant when plaintiff has substantially delayed requesting leave to amend. *See, e.g., United States v. Pend Oreille Public Utility Dist. No. 1,* 28 F.3d 1544, 1522–53 (9th Cir. 1994); *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). In addition, a court should look to whether plaintiff has previously amended the complaint, as the court's "discretion is especially broad 'where the court has already given plaintiff one or more opportunities to amend [its] complaint.'" *Ascon*, 866 F.2d at 1161 (quoting *Leighton,* 833 F.2d at 186 n.3). While the court's discretion is broad, it is ultimately the non-movant's burden to show leave to amend should be denied. *See Leighton*, 833 F.2d at 187.

### III. ANALYSIS

#### A. Motion to Dismiss

Defendant moves to dismiss plaintiff's third amended complaint for failure to state a claim under Federal Rule 12(b)(6). *See* Mot. To succeed on his state law claims, plaintiff must allege compliance with the claim presentation requirement of the California Government Claims Act. *See Gen. Sec. Servs. Corp. v. Cnty. of Fresno*, 815 F. Supp. 2d 1123, 1131 (E.D. Cal. 2011); Cal. Gov't Code §§ 911.2, 945.4. Plaintiff does not allege compliance and concedes he did not comply in his opposition. *See generally* Compl.; Opp'n at 11. Plaintiff does not seek to amend these state law claims. *Id.* Plaintiff's state law claims (claims I–IV) are therefore **dismissed**.

Plaintiff also fails to state a claim under Title IX. Plaintiff alleges no background indicia of sex discrimination in combination with specific information about plaintiff's Title IX disciplinary case and investigation. *See, e.g.*, *Doe*, 23 F.4th at 936. Plaintiff concedes as much in opposition and his supplemental briefing. *See generally* Compl.; *see* Opp'n at 6. Plaintiff's remaining Title IX claims against CSU are therefore **dismissed**.

#### B. Leave to Amend

Turning, then, to plaintiff's request for leave to amend, the court proceeds with an analysis of the factors outlined in Federal Rule of Civil Procedure 15(a): bad faith, prejudice, undue delay and futility. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Plaintiff addresses only futility, disposing of the other factors by stating "there has been no bad faith, undue delay, or undue prejudice." *See* Suppl. Brief. at 2. While the court accepts that there is no evidence plaintiff's motion to amend is sought in bad faith, it cannot as quickly dispose of the question whether an amendment would cause undue delay and prejudice to defendants.

##### 1. Prejudice & Undue Delay

In evaluating prejudice—the factor carrying the most weight in a 15(a) analysis—the court finds defendants are likely to be prejudiced by granting leave to amend as plaintiff proposes. Moreover, the court finds plaintiff's failure to assert his new claims in any of his three previous amended complaints constitutes undue delay despite plaintiff's substitution of counsel. *See, e.g.*, *Melbye v. Accelerated Payment Techs., Inc.*, No. 10-CV-2040-IEG JMA, 2011 WL

5

6754088, at *2 (S.D. Cal. 2011) (declining to find plaintiff's substitution of counsel demonstrated requisite "good cause" necessary to justify leave to amend).

Plaintiff's proposal to add six new federal claims for the first time would likely alter the nature of the litigation and require a new defense strategy.  Plaintiff's proposal to pursue multiple claims under 42 U.S.C. § 1983 is a significant departure from the initial complaint, which focused primarily on state law claims and a single federal claim under Title IX.  *See* Suppl. Brief at 4–5. This pivot is not necessarily fatal but does cut against granting leave to amend.  *See, e.g.*, *Rose*, 893 F.2d at 1079 (considering addition of new claims to "enter[] into the balance," despite "not [being] fatal to amendment").

Beyond prejudice, plaintiff's proposed amendment would cause undue delay.  While Rule 15 is "applied with extreme liberality," *id.*, the court cannot continue to delay this proceeding unduly.  Plaintiff does not explain—or even acknowledge—why these claims were not previously asserted.  Considering this court granted plaintiff multiple opportunities to amend previously and plaintiff has provided no explanation for not asserting proposed new claims I through VI earlier, granting further leave to add entirely new federal claims would run afoul of the undue burden and prejudice factors of Rule 15.

**2.      Futility**

Finally, the court must consider whether plaintiff's proposed amendment of his previously asserted Title IX claim would be an "exercise in futility." *Foman*, 371 U.S. at 182.  The court evaluates futility by evaluating whether the amended complaint would constitute a valid and sufficient pleading. *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997). Evaluating plaintiff's proposed rehabilitation of his Title IX claim against CSU, the court bears in mind he "must plead that: (1) the defendant educational institution[] receives federal funding; (2) the plaintiff was excluded from participation in, denied the benefits of, or subjected to discrimination under any education program or activity, and (3) the latter occurred on the basis of sex." *Schwake v. Arizona Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020).  The court previously explained plaintiff's Title IX claim failed because it included no allegations of the sort the court discussed in *Schwake*, such as general pressures against the university to pursue Title IX

6

investigations, trends of disciplinary proceedings being consistently decided against male respondents or any other similar patterns or practice of sex discrimination. *See generally* Compl. With regard to the disciplinary case against plaintiff's son, the court previously explained plaintiff failed to plead an atmosphere of bias against his son or evidence of a one-sided investigation.

Plaintiff's proposed amendments are based on audits by the Institutional Response Group examining the CSU Title IX system. *See* Suppl. Brief at 3. The internal audits suggest the CSU Title IX system lacked sufficient infrastructure, which hindered trust among students. *Id.* These audits do not, however, show the indicia of sex discrimination against males that plaintiff asserts. Moreover, the audits contain no information to support plaintiff's assertion of procedural irregularities in Camren's case. Plaintiff's proposed new allegations fall short of what is necessary to state a claim.

Plaintiff's request for leave to amend his Title IX claim and to add proposed new claims II–VII is **denied**.

### IV.   CONCLUSION

The motion to dismiss is **granted**. Plaintiff's request for leave to amend is **denied.** All dates and deadlines are **vacated**. The clerk of court is directed to **close** this case.

This order resolves ECF No. 51.

IT IS SO ORDERED.

DATED: December 6, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE